UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| OWEN RAY GADD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 5:17-CV-57-WOB-HAI |
| v. | ) | |
| | ) | |
| AARON SMITH, *Warden*, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

On February 7, 2017, pro se Petitioner Owen Ray Gadd filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. D.E. 1. Petitioner has also filed an application to proceed in forma pauperis (D.E. 2), as well as a Prisoner Trust Fund Account Statement (D.E. 3). Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" *Id*. § 1915(a)(1). In order to gain such authorization, a filer must submit an affidavit that includes the following information: (1) a statement of all assets; (2) a statement averring inability to pay fees; (3) the nature of the action; and (4) a statement of belief regarding entitlement to redress. *Id*. Additionally, an inmate must submit a certified statement from the appropriate prison official showing the amount of money or securities held in any institutional account for that inmate. *See* Rules Governing Section 2254 Cases, Rule 3(a).

Petitioner has complied with the filing requirements of 28 U.S.C. § 1915(a) and Rule 3(a). Petitioner completed the standard in forma pauperis application form and provided sufficient financial background under penalty of perjury. Although a party need not be absolutely destitute in order to proceed in forma pauperis in federal court, pauper status has been

denied to those who have adequate money to pay the filing fee. *See, e.g.*, *Glodjo v. Wilson*, 111 F.3d 131 (table), 1997 WL 188542 (6th Cir. Apr. 16, 1997).

In this case, Petitioner has filed a trust fund statement which indicates that in five of the past six months amounts ranging from $42.00 to $46.00 have been deposited into his inmate account each month and that he earns $44.00 per month due to working as a kitchen worker in the prison system. D.E. 3. This equates to an approximate 6 month average of $216.00. *Id*. Under these circumstances, Petitioner earns nearly $500.00 a year. *Id*. Despite a very low current balance, Petitioner clearly has the ability to pay the $5.00 fee for filing a petition for writ of habeas corpus, which constitutes approximately 1% of his yearly income. 28 U.S.C. § 1914(a).

Therefore, the Court **RECOMMENDS** that the District Court **DENY** Petitioner's motion for leave to proceed in forma pauperis (D.E. 2) and require Petitioner to submit the $5.00 fee to the Clerk of the Court within 30 days should the District Judge adopt this Recommended Disposition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 13th day of February, 2017.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge