UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| OWEN RAY GADD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | No. 5:17-CV-57-WOB-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| AARON SMITH, *Warden*, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

On February 2, 2017, pro se Petitioner Owen Ray Gadd filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. D.E. 1. He also filed a motion to proceed in forma pauperis ("IFP motion") (D.E. 2) and a prisoner trust fund account statement (D.E. 3). The Court reviewed Petitioner's IFP motion and account statement, and, on February 13, 2017, recommended that the motion (D.E. 2) be denied and that Petitioner be required to pay the $5.00 filing fee. D.E. 6. Petitioner paid the fee on March 2, 2017. D.E. 7. On March 20, 2017, District Judge Bertelsman adopted the Court's recommendation and denied Petitioner's IFP motion. D.E. 9.

After reviewing Petitioner's petition in detail, the Court found that it plainly appeared time-barred, and ordered Petitioner to show cause as to why the petition should not be dismissed as untimely. D.E. 10. Petitioner responded to the Court's show cause order on April 28, 2017 (D.E. 11), and the Court ordered the Warden to respond limited strictly to issues concerning the timeliness of the petition. D.E. 12. The Warden responded on June 2, 2017. D.E. 14. After reviewing the parties' filings, and for the reasons stated below, the Court **RECOMMENDS** that the District Court **DISMISS** Petitioner's § 2254 petition (D.E. 1) because it is time-barred.

# I. BACKGROUND

Petitioner was indicted in Garrard Circuit Court on June 18, 2004, on two counts of first-degree sodomy and one count of being a persistent felony offender in violation of Kentucky law. D.E. 14-2 at 1. In August 2005, Appellant was convicted of two counts of first-degree sodomy of a seven-year-old boy and sentenced to two concurrent life sentences. *Gadd v. Commonwealth*, No. 2005-SC-000880-MR, 2007 WL 858811 at *1 (Ky. 2007). The charge for being a persistent felony offender was dismissed by the Commonwealth. D.E. 14-2 at 4. The judgment was entered by the Garrard Circuit Clerk on October 21, 2005. *Id*. at 3.

On November 7, 2005, Petitioner appealed his conviction to the Kentucky Court of Appeals, and his conviction was affirmed by the Kentucky Supreme Court on March 22, 2007. D.E. 1-3 at 2; D.E. 14-4 at 49. On December 10, 2007, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. D.E. 1-4 at 2; D.E. 14-4 at 58. The Garrard Circuit Court denied his motion on June 24, 2008. D.E. 1-5 at 2; D.E. 14-4 at 77. The timing of Gadd's appeal of his RCr 11.42 motion is ambiguous based on the record. Under Kentucky law, Petitioner had thirty days to appeal the denial of his RCr 11.42 motion. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken . . ."). By the Court's previous calculation as detailed in the March 22, 2017 show cause order (D.E. 10), Petitioner did not appeal the denial of his RCr 11.42 motion until October 27, 2009, well past the thirty-day deadline. However, the Warden claims, in his response to Petitioner's § 2254 motion, that

> [o]n October 15, 2008, Gadd's post-conviction counsel wrote a letter to the trial court explaining that a notice of appeal from the June 2[4], 2008 Order had been mailed to the Circuit Court Clerk on July 3, 2008, but was not received. Counsel asked if the trial court could re-issue its order so a timely notice of appeal could

be filed. This wound up not being necessary as the timely filed documents- a motion to proceed *in forma pauperis* and the July 3, 2008 Notice of Appeal were located by the trial court. The IFP motion was granted, and the notice of appeal was then deemed timely filed on November 3, 2008.

D.E. 14 at 2-3. Neither Petitioner nor the Warden has filed a copy of the letter allegedly written by Petitioner's post-conviction counsel, and the Court notes that Petitioner's RCr 11.42 motion indicates that he filed it pro se. D.E. 1-4. Nevertheless, the KYeCourts CourtNet system ("CourtNet") indicates that a notice of appeal was filed on October 30, 2008, but was dated July 3, 2008. Five entries later, the CourtNet record indicates a notice of appeal was filed on November 3, 2008. The Court does not have the capability to view the documents filed in CourtNet. Regardless of whether Petitioner's appeal of the denial of his RCr 11.42 motion was timely under state law, Petitioner's § 2254 petition filed in this Court would still be untimely. After briefing, the Kentucky Court of Appeals affirmed the trial court's denial of Petitioner's RCr 11.42 motion, and he did not seek discretionary review from the Kentucky Supreme Court. D.E. 14-4 at 144-150.

After the Garrard Circuit Court denied Petitioner's RCr 11.42 motion, Petitioner submitted two separate requests for public records concerning his trial pursuant to KRS 61. D.E. 14-4 at 78-79. These requests were dated July 7, 2008, but the Garrard Circuit Clerk filed them in the record on October 30, 2008. *Id*. Petitioner also filed a Motion to Obtain Court Records pursuant to KRS 61.872, and stated that he mailed it to the court on September 25, 2008, but the motion is not stamped as filed by the Garrard Circuit Clerk. *Id*. at 80. Petitioner filed another Motion to Obtain Court Records on October 2, 2008, and it was denied by the court on October 6, 2008. *Id*. at 83-85.

Petitioner eventually filed two other post-conviction motions at the state level. On November 5, 2010, Petitioner filed a motion pursuant to RCr 60.02. D.E. 1-8. The motion was

denied on November 18, 2010.  D.E. 1-9 at 2.  Petitioner then filed a Motion to Modify Sentence pursuant to RCr 9.84 on June 4, 2012 (D.E. 1-10), which was denied on January 3, 2012, by the Garrard Circuit Court.  D.E. 1-11 at 2.

Petitioner filed several additional requests for what he believed were the video and audio records of his trial.  Specifically, he filed requests on July 5, 2013 (D.E. 14-5 at 1), August 1, 2013 (*id*. at 3), August 28, 2013 (*id*. at 5), September 16, 2013 (*id*. at 7), October 17, 2013 (*id*. at 8), and November 4, 2013 (*id*. at 27).  He was provided with his trial transcripts (*id*. at 11) and a copy of his Department of Public Advocacy case file (*id*. at 13).  The Garrard Circuit Clerk repeatedly told Petitioner that his trial was not recorded via audio or visual means.  Petitioner appealed the denial of his records request to the Kentucky Court of Appeals, and the denial was affirmed.  *Id*. at 123.  Petitioner attempted to appeal the denial to the Kentucky Supreme Court, but his motion for discretionary review was denied on February 10, 2016.  *Id*. at 147.

On February 2, 2017, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court.  D.E. 1.  In his § 2254 motion, Petitioner alleges six grounds for relief.  *See Id*. at 8-18.  First, he alleges that the trial court erred by admitting the "inadmissible hearsay testimony" of Detective Crockett.  *Id*. at 8.  Second, he claims the trial court erred in admitting "unduly prejudicial hearsay testimony of the alleged victim through medical personnel" at trial.  *Id*. at 9.  Next, he asserts a variety of ineffective assistance of counsel claims, including that the trial court erred in not "conduct[ing] a more th[o]rough inquiry regarding [his] complaints about his attorney."  *Id*. at 9-14.  As his seventh claim, Petitioner argues that the trial judge and Commonwealth Attorney committed jury tampering during trial.  *Id*. at 14.  Finally, he claims that "his constitutional rights were violated when [he] was denied his trial video tapes to perfect an appeal."  *Id*. at 17.

After reviewing Petitioner's motion, the Court determined that it plainly appeared time-barred, and ordered Petitioner to show cause as to why his petition should not be dismissed as untimely. D.E. 10; *see* Rules Governing Section 2254 Cases, Rule 4. In response, Petitioner claims that his trial was "mechanically recorded" and that "[f]rom 2005 until 2014, [he] has tried to get a copy of the trial tapes." D.E. 11 at 5. He claims that his efforts at getting a copy of these tapes have been "thwarted at every attempt," and his "Constitutional rights pursuant to the Fifth, Sixth and Fourteenth Amendments have been violated which has had a substantial and injurious effect" on him. *Id*. at 7. Finally, he states that for the "egregious tolling of [his] time, this court [sic] <u>should</u> allow this Habeas [sic] to proceed and demand that the state answer to the allegations of the denial of producing a mechanically recording [sic] of [his] trial from October-2005." *Id.* at 8. The Court ordered the Warden to address the timeliness of Petitioner's § 2254 motion. D.E. 12. In his response, the Warden asserts that the petition is untimely and that Petitioner is not entitled to equitable tolling. D.E. 14.

For the reasons set forth below, the Court finds that the petition is time-barred and that equitable tolling does not apply.

## II. DISCUSSION

### 1. The Statute of Limitations Has Expired

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects § 2254 petitions to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The time period set out by 28 U.S.C. § 2244(d)(1)(A) is controlling here. Petitioner was required to file his § 2254 motion by one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires. *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006). Here, Defendant was convicted following a jury trial and was sentenced on October 21, 2005. D.E. 14-2 at 3. Pursuant to RCr 12.04(3), a criminal defendant has thirty days after entry of judgment to appeal his conviction. Ky. R. Crim. P. 12.04(3). The judgment was entered by the Garrard Circuit Clerk on October 21, 2005. D.E. 14-2 at 3. Petitioner filed a direct appeal on November 7, 2005, and his conviction was affirmed by the Kentucky Supreme Court on March 22, 2007. D.E. 1-3 at 2. Per Rule 13 of the Supreme Court of the United States, Petitioner had 90 days in which to seek a writ of certiorari from the United States Supreme Court, which he did not do. *See* Rule 13 of the Rules of the Supreme Court of

the United States. Thus, Petitioner's judgment became final, and the statute of limitations began to run, on June 22, 2007.

Absent tolling, Petitioner would have been required to file his petition one year thereafter, meaning on or before June 22, 2008. Under section 2244, however, the limitation period is subject to statutory tolling for "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending…." 28 U.S.C. § 2244(d)(2) (emphasis added). "An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). A post-conviction motion that is untimely filed is not "properly filed" pursuant to § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Here, Petitioner timely moved for state post-conviction relief in Garrard Circuit Court pursuant to RCr 11.42 on December 10, 2007, 171 days after the statute of limitations began to run. D.E. 1-4 at 2. Petitioner's motion for post-conviction relief began tolling the statute of limitations for filing a habeas petition on this date. *See* 28 U.S.C. § 2244(d)(2). The tolling of the statute of limitations continued until the motion for post-conviction relief was no longer pending. *See id*. Petitioner's post-conviction motion was denied by the Garrard Circuit Court on June 24, 2008. D.E. 1-5 at 2. Under Kentucky law, Petitioner had thirty days to appeal the ruling. *See* Ky. Rule Crim. P. 12.04(3). Thus, in order to be properly filed, the appeal was due by July 24, 2008.

As discussed above, there is some ambiguity in the record about when Petitioner's appeal of the denial of his RCr 11.42 motion was filed. The Warden claims that a timely notice of appeal was mailed on July 3, 2008, following the June 24, 2008 denial of Petitioner's RCr 11.42

motion, but was not received by the court clerk. D.E. 14 at 2. Consequently, post-conviction counsel allegedly wrote a letter to the Garrard Circuit Court asking the court to re-issue the denial order so that a timely notice of appeal could be filed. *Id*. However, the Warden claims reissuance of the court's order was not necessary as the court clerk located the notice of appeal and deemed it timely filed on November 3, 2008. *Id*. The Kentucky state court electronic filing system indicates that a notice of appeal dated July 3, 2008, was filed on October 30, 2008. The electronic state court record also indicates that a notice of appeal was filed on November 3, 2008. This Court does not have access to these electronically-filed documents in the Kentucky state court system, and neither party has provided a copy within their filings. By the Court's previous calculation in its April 10, 2017 show cause order, Petitioner did not appeal the Garrard Circuit Court's denial of his post-conviction petition until October 27, 2009, 460 days after the due date. D.E. 1-6 at 2.

Regardless of whether Petitioner timely appealed the denial of his RCr 11.42 motion, his pending § 2254 motion before this Court is untimely. If the July 3, 2008 notice of appeal is operative, Petitioner had until January 25, 2011, to file his federal habeas petition. Between the time Petitioner's direct appeal became final until the time that he filed for post-conviction relief, 171 days elapsed. Petitioner filed his RCr 11.42 motion on December 10, 2007. D.E. 1-4 at 2. Assuming the appeal was timely filed, his RCr 11.42 motion and appeal were pending until July 2, 2010. D.E. 1-7.[1] This tolled the statute of limitations for 935 days. One-hundred and twenty-six days elapsed before Petitioner filed a post-conviction motion to vacate pursuant to RCr 60.02 on November 5, 2010. D.E. 1-8. This motion was denied on November 18, 2010 (D.E. 1-9), and only tolled the statute of limitations period for thirteen days. At this point,

---

[1] Although Petitioner filed several motions to obtain his state court records in September and October of 2008, these did not affect the tolling of the statute of limitations period. The statute of limitations was already tolled during this period due to Petitioner's pending RCr 11.42 motion.

Petitioner only had 68 days left of the one-year statute of limitations period, thus the statute of limitations expired on January 25, 2011. Although Petitioner filed a motion to modify his sentence pursuant to RCr 9.84 on August 14, 2012 (D.E. 1-10) which was denied on January 3, 2013, it was not filed until 567 days after the one-year statute of limitations expired. Accordingly, it did not toll the statute, and Petitioner was required to file his federal habeas motion by January 25, 2011.

Alternatively, if the July 3, 2008 notice of appeal is not operative, the statute of limitations for filing a habeas petition began running again when the Garrard Circuit Court's denial of his RCr 11.42 motion became final on July 24, 2008. *Edmonds v. White*, No. 3:16-CV-170-CRS-CHL, 2017 WL 723899, at * 3 (W.D. Ky. Feb. 23, 2017). Because 171 days passed between when his direct appeal became final and when he filed for post-conviction relief, Petitioner had 194 days, beginning from July 24, 2008, in which to file for federal habeas relief. The statute of limitations thus expired on February 4, 2009, and any state post-conviction motions filed after that would not serve to toll or restart the limitations period. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir.2003) ("'The tolling provision does not ... revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (citations omitted).

Since Petitioner did not file his § 2254 motion until February 2, 2017, well after the statute of limitations period expired under either of the alternative timelines above, it is untimely and subject to dismissal.

## 2. Petitioner is not Entitled to Equitable Tolling

Petitioner's alternative argument is that, even if the statute of limitations has lapsed, he is entitled to equitable tolling because he believes his trial was "mechanically" recorded, and he "has tried to get a copy of the trial tapes . . . [f]rom 2005 until 2014." D.E. 11 at 5. He claims there is "undisputable evidence" that his trial was recorded, but "his attempts to get a copy of the trial recordings have been thwarted at every attempt." *Id*. at 7. Specifically, he alleges that jury tampering occurred in his case when the Commonwealth's attorney and trial judge improperly spoke to "(4) separate jurists" while the jury was sequestered. *Id*. at 4. He claims the trial tapes will provide "definitive proof of the jury tampering in his trial by the Garrard Commonwealth Attorney . . . and Judge C. Hunter Daugherty." *Id*. at 7.

Because § 2244(d)(1)'s one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). Equitable tolling should be applied "sparingly" and on a "case-by-case basis[.]" *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005)). "Although 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Id.* (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Moreover, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Federal authority generally provides that the unavailability of or delay in receiving transcripts or other state court documents is not a basis for equitable tolling." *Wright v. Comm'r, Dep't of Corr.*, No. CIV. A 6:07-358-KKC, 2008 WL 2397564, at *3 (E.D. Ky. June 10, 2008) (citing *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) ("[T]he state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling."); *Lloyd v. Van Nutta*, 296 F.3d 630, 633-34 (7th Cir. 2002) ("[T]he unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition."); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.")).

Although Petitioner has filed several motions to obtain the recordings of his trial that he believes exist, Petitioner is not entitled to equitable tolling because he has not demonstrated any cognizable extraordinary circumstances that prevented him from timely filing his federal habeas petition. Petitioner alleges that a recording of his trial exists and the state of Kentucky is intentionally withholding it, but he provides no evidence of this conclusory allegation. Instead, he provides pieces of the state court record that indicate that no recording was taken and that he was repeatedly told this by various court personnel and agencies. *See* D.E. 14-5 at 11, 30-31, 124, 142. Although Petitioner claims that he has been unable to obtain the recording of his trial despite filing several motions from "2005 until 2014," as discussed above, "the unavailability of or delay in receiving transcripts or other state court documents is not a basis for equitable tolling." *Wright*, 2008 WL 2397564 at *3.

For these reasons, the Court concludes that Petitioner has failed to allege sufficient extraordinary circumstances to excuse the tardiness of his motion. Therefore, Petitioner is not entitled to equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a Certificate of Appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484. None of the claims presents a close issue involving a violation or unreasonable application of clearly established federal law, or any other avenue of relief under section 2254. No reasonable jurist would find the assessments above to be wrong or debatable; thus, no Certificate of Appealability should issue.

### IV. CONCLUSION

Having reviewed Petitioner's § 2254 petition, his response to the Court's show cause order, and the Warden's response, the Court concludes that the petition is untimely and Petitioner

is not entitled to equitable tolling. Therefore, the Court **RECOMMENDS** that Petitioner's Petition for habeas corpus (D.E. 1) be **DISMISSED** as untimely and that no certificate of appealability **ISSUE**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 9th day of August, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge